IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID McELROY, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:12-CV-119-CAR-MSH |
| | : Social Security Appeal |
| CAROLYN COLVIN, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

1

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1]   Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**Administrative Proceedings**

Plaintiff applied for supplemental security income benefits (SSI) on December 12, 2008, alleging disability as of September 19, 2008, due to neck pain and mental illness. (Tr. 32, 129; ECF No. 13)  Plaintiff's application was denied, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The Plaintiff appeared before the ALJ on December 8, 2010, and following the hearing, the ALJ issued an unfavorable decision on March 18, 2011.  (Tr. 13-27.)  The Appeals Council ultimately denied Plaintiff's Request for Review on July 13, 2012.  (Tr. 1-3.)  This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18.)  The ALJ found that Plaintiff had "disorders of the back" which was determined to be severe and mental impairments of affective and mood disorders which were determined to be nonsevere.  (*Id.*)  The ALJ then determined that Plaintiff's severe impairment and nonsevere impairments did not meet or medically equal, either individually or in combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work except that he is limited to only occasionally climbing ladders, ropes, and scaffolds and occasionally reaching overhead.  (Tr. 20.)  The ALJ then determined that Plaintiff has past relevant work as a dishwasher and construction worker.  (Tr. 21.) The ALJ noted that Plaintiff was 39 at the time of his original alleged onset date, which is

considered to be a younger individual. (Tr. 21.) The ALJ then found that Plaintiff had a limited education and could communicate in English. (*Id.*) Considering his age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.* at 22.)

## ISSUES

I.   **Whether the ALJ erred in determining Plaintiff's residual functional capacity.**

II.  **Whether the Appeals Council erred in denying review of Plaintiff's case.**

## DISCUSSION

I.   **Did the ALJ err in determining Plaintiff's residual functional capacity?**

In his first enumeration of error, Plaintiff contends that the ALJ failed to consider the combined effects of all of his impairments in formulating his residual functional capacity assessment. (Pl.'s Br. 16, ECF No. 14.) Specifically, Plaintiff contends the ALJ erred in failing to consider Plaintiff's mental limitations as found by a consulting psychologist combined with his other impairments. (*Id.*)

In determining whether a Plaintiff pursuing benefits has proved his case, an ALJ is required to consider the disabling effects of each impairment as well as the combined effect of all impairments from which a Plaintiff is found to suffer. 20 C.F.R. 416.945. Impairments found by the ALJ to be severe as well as impairments found to be not severe must be considered in making the RFC determination. 20 C.F.R. 416.945(a)(2). The ALJ must do so with specific and clearly articulated findings as to the limitations caused

by the impairments, singly as well as in combination, and in a manner sufficient to facilitate meaningful judicial review of the decision. *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984).

Plaintiff first contends that the ALJ failed to consider mental limitations found by the consulting psychologist combined with his other impairments in the formulation of Plaintiff's RFC and the evaluation of his claim. (Pl.'s Br. 16.)  The ALJ found that Plaintiff has the severe impairment of disorders of the back and mental impairments of affective and mood disorders which do not cause more than minimal limitation in his ability to perform work.  The mental limitations are therefore nonsevere. (Tr. 18.)

In finding the mental impairments to be nonsevere, the ALJ expressly noted that Plaintiff underwent a consultative examination by Dr. Marie Elizabeth Williams on February 6, 2010 at which time the clinician found Plaintiff stable.  The ALJ considered this clinical evaluation in light of treatment records from Advantage Behavioral Health Systems where Plaintiff had presented in March 2009 and which indicated that Plaintiff improved on medication after approximately one month. (Tr. 18.)

The ALJ next specifically considered each of the four broad functional areas known as Paragraph B criteria as mandated by 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19.)  Plaintiff was found to have a mild limitation in activities of daily living, mild limitation in social functioning, mild limitation in concentration, persistence and pace and no episodes of decompensation. (*Id.*)  The ALJ pointed out specific facts in the record to support these findings, including the Plaintiff's ability to drive prior to having his license suspended for driving under the influence of alcohol, his ability to shop for food and

6

prepare simple meals and clean his living space, and his maintenance of a relationship with family members such as his niece and girlfriend. (Tr. 19.) The ALJ accurately characterized the Plaintiff's activities of daily living as enjoying television programs and taking walks. That is how Plaintiff described his day at the hearing. (Tr. 35.) While the record contains repeated assertions that Plaintiff is withdrawn and prefers to be left alone, no evidence suggests much less proves that his low motivation is the result of a disabling mental or physical condition. Substantial evidence in the record as a whole supports the ALJ's finding of Plaintiff's mental impairments as nonsevere.

Further, it is apparent that these nonsevere mental limitations were adequately considered along with Plaintiff's severe back disorder. No assertion is made by Plaintiff that the ALJ's characterization of "disorders of the back" does not include his asserted "neck pain." The ALJ specifically found that Plaintiff did not have an impairment or "combination of impairments that meets or medically equals one of the listed impairments" found in the Listings. (Tr. 19.) Thus, the combination issue was expressly considered and evaluated by the ALJ in evaluating Plaintiff's claim. *See Jones v. Dept. of Health and Human Servs.,* 941 F.2d 1529 (11th Cir. 1991). Therefore, the ALJ's determination of Plaintiff's RFC is well supported by substantial evidence in the record as a whole and Plaintiff's assertion of error is without merit.

**II.     Did the Appeals Council err in denying review of newly submitted evidence?**

Plaintiff next argues that the Appeals Council (AC) committed reversible error when it denied review of "new, noncumulative, material" evidence Plaintiff submitted following the ALJ's unfavorable decision. (Pl.'s Br. 15.)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id*. In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.  (Tr. 1-2.)

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id.* To show that a sentence six remand is needed, "the Plaintiff must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Plaintiff seeks an order from this Court remanding his case to the Commissioner for further consideration of what he contends is new, noncumulative and material evidence. (Pl.'s Br. 15.)  The evidence is a psychological evaluation by Dr. Richard Bank, Psy. D., which took place on August 12, 2011. It is a single evaluation and the

described "Method of Assessment" (ECF No.14-1) is a clinical interview with behavioral observations and a review of records.  There is also a Rey Fifteen Item Memory Test which is primarily employed not for purposes of diagnosis but as a measure of memory and malingering.

Plaintiff first told the clinician that this application for disability benefits is his third attempt to obtain payments.  That is neither new nor material to the issues here. Under "Background Information" the Plaintiff self-reports virtually all of the alleged symptomology he previously told other health care providers or testified to at the hearing before the ALJ with the exception that in addition to a long history of alcohol and cannabis abuse that was previously reported he related to experimenting with other drugs, specifically LSD.  (Pl.'s Br. Ex. A at 2.)  While the reported use of LSD is new, it is not material to the issue of whether he is disabled to work as a result of his back disorder and mood and affective disorders.  He did not assert that the long history of drug and alcohol abuse caused his mood disorders and Dr. Bank did not opine as such.

Plaintiff also gave a more detailed description of his criminal history and included that he was currently on parole at the time of the interview.  (*Id.*)  This, however, is not "new" evidence.  In the section denoted "Behavioral Observations and Mental Status" Dr. Bank reported Plaintiff as appropriately groomed and dressed with hygiene issues.  He was friendly, polite and cooperative in the estimation of the clinician.  He was alert and aware, with what Dr. Bank described as "adequate" attention and concentration. The assessment included objective testing using the Rey Fifteen Item Memory Test but no other objective test. Although the clinician reported a score of 6 and therefore well within

the range of malingering, the clinician expressed his belief that Plaintiff put forth an "adequate" effort in taking the test and determined Plaintiff to have poor memory. (*Id.* at 3.)

Plaintiff asserts that a Sentence Six remand is warranted here because Dr. Bank found "moderate" limitations on Plaintiff's ability to concentrate and follow simple directions. (Pl.'s Br. 18-20.) It is, however, important to note that Dr. Bank expressed only that "it is possible that (his) psychological difficulties could impede his functioning in a variety of settings." (Pl.'s Br. Ex. A at 5.) While the noncumulative requirement is met merely by showing that the newly produced evidence was not in the administrative record, *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir 1988), a Sentence Six remand requires that the new evidence be material in the sense that there is a reasonable possibility that the evidence would change the administrative result. *Robinson v. Astrue,* 365 Fed. Appx. 993, 999 (11th Cir 2010). Dr. Bank does no more than say that Plaintiff has mental limitations that could possibly impede him in the workplace.

Dr. Bank's psychological evaluation is similar to the consultative examination conducted by Dr. Marie Elizabeth Williams on February 6, 2010 which was extensively discussed by the ALJ. In both examinations, as well as in his testimony at the hearing, Plaintiff recounted auditory and visual hallucinations. No assertion is made by Plaintiff nor was a conclusion drawn by Dr. Bank that Plaintiff did not respond to medication and cognitive therapy. Based on the evaluation done by Dr. Williams, the ALJ found "mild" limitations in the three functional areas of the Paragraph B criteria and no episodes of decompensation. Therefore, Plaintiff's mental limitations were addressed by the ALJ

with consideration being given to a psychological evaluation that resulted in a finding that the mental limitations were nonsevere. There is no reason to believe that the report by Dr. Bank would result in a different outcome. Therefore, it is determined that the Appeals Council did not err in denying review of Plaintiff's case.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed. Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, 23rd day of September, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE